STATE OF MAINE *vs.* ARDENIS SHUMAN.

Knox.   Opinion February 12, 1906.

*Criminal Pleading. Embezzlement. Indictment. Duplicity. Town Treasurer Using Town's Money for Private Purposes. R. S., c. 121, § 8.*

An indictment against a town treasurer, charging that he did steal, take and carry away the money of the town which was in his possession by virtue of his office, because, as also charged, he had unlawfully embezzled and fraudulently converted the same to his own use, is not bad for duplicity.

Nor is such an indictment bad, because it is not alleged that the treasurer's term of office has expired, nor that a demand has been made upon him and that he neglects and refuses to account.

A town treasurer has no right to use the town's money for any purpose of his own whatever. If he does so use it knowingly it is a fraudulent conversion, for which he becomes indictable at once.

On exceptions by defendant.   Overruled.

Indictment against the defendant, Ardenis Shuman, as treasurer of the town of Union, for the crime of embezzlement. To this indictment the defendant demurred, with leave to plead over. The demurrer was overruled, and the defendant excepted.

The indictment is as follows:

"STATE OF MAINE.

"KNOX ss.—At the Supreme Judicial Court, begun and holden at Rockland, within and for the County of Knox, on the first Tuesday of January, in the year of our Lord one thousand nine hundred and five.

The Grand Jurors for said State upon their oath present, that Ardenis Shuman of Union, in the County of Knox and State of

Maine, at Union aforesaid, in the County of Knox aforesaid, on the twenty-fifth day of April, A. D. 1904, said Ardenis Shuman then and there being a public officer, to wit, the town treasurer of the town of Union aforesaid, did by virtue of his said office, and whilst he was employed in said office, have, receive, and have in his possession and under his control, certain money to a large amount, to wit, to the amount of one thousand three hundred and seventy-nine dollars and fifteen cents, and of the value of one thousand three hundred and seventy-nine dollars and fifteen cents, of the property of the inhabitants of the town of Union aforesaid, and then and there the money aforesaid did unlawfully embezzle and fraudulently convert to his own use; and that the said Ardenis Shuman in manner and form aforesaid, the aforesaid money of the property of the inhabitants of the town of Union aforesaid, feloniously did steal, take and carry away; against the peace of the State and contrary to the form of the Statute in such case made and provided.

A true bill.

E. R. BOWLER, Foreman.

PHILIP HOWARD,
        Attorney for the State for said County."

*Philip Howard*, County Attorney, for the state.
*L. M. Staples*, for defendant.

SITTING: EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J.    Demurrer to indictment charging the defendant, as town treasurer, with embezzlement. The presiding justice below overruled the demurrer, and the defendant excepted.

The defendant contends that the indictment is bad for duplicity,— that embezzlement and larceny are two distinct offenses and must be set out in separate counts. The point is not well taken. Only one offense is charged. Embezzlement or fraudulent conversion of funds by a public officer is declared by statute, R. S., ch. 121, sect. 8, to be larceny. It is not so at common law for the reason that the taking is not felonious. *State* v. *Stevenson*, 91 Maine, 107. In this indictment under the statute, it is charged that the defendant did

steal, take and carry away the money of the town which was in his possession by virtue of his office, because, as is alleged, he had unlawfully embezzled and fraudulently converted the same to his own use. The acts charged constitute statutory larceny,—one offense.

. The defendant claims further that it appears that the defendant was still town treasurer when indicted, and that as a matter of law, a public officer can not be indicted during his term of office, for embezzlement, because during the term he has the legal possession and custody of the funds. It is urged that the indictment must state not only that the term of office has ended, but also that a demand has been made upon the officer and that he neglects and refuses to account. This point is not tenable. In the first place if it were otherwise tenable, it is not alleged that the defendant was in office when indicted. It is alleged that he was town treasurer April 25, 1904. Non constat, that he continued to be treasurer until January, 1905, when he was indicted.

But the defendant errs respecting the extent of his criminal responsibility for his acts. He errs, in argument at least, in regard to his rights in the town's money. It is the town's money and not his own. He has no right to use it for any purpose of his own whatsoever. If he does so use it knowingly, it is a conversion, fraudulent as to the town, for which he becomes indictable at once, as he would be for any other indictable offense. He becomes ipso facto criminally responsible, without demand or refusal to account. The law gives a town treasurer the custody of the town's money to keep, and to pay out under proper authority for town purposes, but not to use for himself, in, any way whatever. His responsibility is not measured or acquitted by his ability to pay over the balance due at the end of his term, upon demand or otherwise, but it depends upon his use or misuse of the money during the term, or later. Here it is alleged that the defendant "did unlawfully embezzle and fraudulently convert" the town's money to his own use, on a day named during his term. That was sufficient, in that respect.

No other objections have been raised.

> *Exceptions overruled. Defendant has leave to plead over as per stipulation.*